IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DELARAE MCHUGH,

                      Plaintiff,                    ORDER

   v.

                                              08-cv-721-wmc

JO SKALSKI, LUCINDA DELAP, RHIANNON
GRADY, MICHAEL CADOTTE and THE
WISCONSIN LABORERS HEALTH FUND,

                      Defendants.

---

      All that remains of this civil case is plaintiff DelaRae McHugh's Eighth Amendment claim against defendant Michael Cadotte. On May 12, 2010, Cadotte filed (1) a notice that he was appealing the court's decision on his qualified immunity defense (dkt. #97) and (2) a motion requesting that the court stay all proceedings before it pending the outcome of that appeal (dkt. #98). Before addressing the motion to stay, the court provided the parties an opportunity to file briefs on whether a stay would be proper in light of the Seventh Circuit's recent decision in *Levan v. George*, No. 09-3223, slip op. (7th Cir. Apr. 28, 2010). After considering the parties' briefs, and *Levan*, defendant's motion to stay will be granted.

      Under Fed. R. App. P. 8, the party seeking to stay a lower court proceedings pending appeal must first move for the stay in the district court. When a public official appeals a denial of his qualified immunity defense, a district court must stay proceedings unless the appeal is frivolous. *Goshtasby v. Bd. of Tr. of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997) (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)). In *Levan*, however, the Seventh Circuit explained that "[i]f the denial of qualified immunity turns on factual rather than legal questions, the denial is not properly subject to appellate jurisdiction under the collateral order doctrine because the decision is not 'final.'" No. 09-3223, slip op. at 5 (citing *Johnson v. Jones*, 515 U.S. 304, 313-18 (1995)). In other words, when a district court denies a defendant's

1

qualified immunity defense because factual issues remain to be resolved at trial, the decision is not "final" and the defendant's appeal of that decision would be frivolous.

The defendant contends that the court's denial of his qualified immunity defense does not turn on factual disputes because Cadotte's actions do not violate one of McHugh's clearly established constitutional rights even if all of McHugh's facts are accepted as true. Specifically, as the court understands it, Cadotte's argument is that even if a jury found that he repeatedly, intentionally ignored the orders of medical professionals and his superiors by directing McHugh to engage in exercises outside the scope of her medical restrictions, he cannot be found liable for violating McHugh's Eighth Amendment rights because she had a choice, or even a duty, under the rules of the Challenge Incarceration Program to put herself on sick bunk rather than perform the ordered exercises.

Since as far back as *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1979), and as recently as *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004), this court found it clearly established that a prison official's decision to disobey restrictions placed on an inmate's activities by a medical professional would violate the Eighth Amendment. This court further rejected the proposition that the prison rule -- giving inmates a choice, or even imposing a duty, to take sick bunk if an exercise was too demanding -- was sufficient to place Cadotte within the protection of *Rodriguez v. Briley*, 403 F.3d 952, 952-53 (7th Cir. 2005).

The *Rodriguez* court considered a prison rule requiring an inmate to put certain items in a box before being permitted to leave his cell. Rodriguez's refusal to do so resulted in him missing over 300 meals. The court found this was self-punishment by the inmate, rather than an Eighth Amendment violation. As this court previously held, however, these facts are not applicable to McHugh's situation. McHugh was not engaging in self-punishment. Instead, she was choosing between (1) invoking on multiple occasions a prison rule that required her to

2

disobey a prison officer's orders regarding exercises or (2) continuing to exercise despite the pain because ordered to do so by an officer well aware that the demanded exercises were in direct conflict with her medical restrictions.

As far as this court is concerned, a reasonable officer would not believe that *Rodriguez* muddles his clearly established obligation under the Eighth Amendment to adhere to an inmate's legitimate medical restrictions as long as the inmate could invoke a prison rule allowing her to opt out. The court is satisfied, however, that the issue as thus starkly framed is principally a legal one, which means it may be appealable as a final decision. Because this court cannot say Cadotte's appeal on this legal issue is wholly frivolous, Cadotte is entitled to a stay pending the outcome of his appeal.

ORDER

IT IS ORDERED that defendant Michael Cadotte's motion for a stay of proceedings in the district court (dkt. #98) is GRANTED. This case is stayed and the scheduling order struck pending a decision by the Court of Appeals for the Seventh Circuit on Cadotte's appeal of this court's decision denying his qualified immunity defense.

Entered this 2nd day of June, 2010.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

3